

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

**Thomas M. Renn**
Chief Bankruptcy Judge

405 E EIGHTH AVENUE, #2600
EUGENE, OREGON 97401
(541) 431-4050

Jonni R. Paulsen
Judicial Assistant

Catherine E. Jedlicka
Law Clerk

January 27, 2021

Mr. Rance Shaw
The Reynolds Law Firm PC
555 NW 5th St
Corvallis, OR 97330

Mr. Michael Anthony Abrams, Jr.
55774 McKenzie Highway
McKenzie Bridge, OR 97412

Re: Dickson v. Abrams; Adv. Proc. No. 20-6043-tmr

Dear Mr. Abrams and Mr. Shaw:

    On January 8, 2021, Defendant Mr. Abrams filed a motion to dismiss (Doc. #13) this adversary proceeding for Plaintiff's failure to file her summary judgment motion by the date discussed at the pretrial conference held on December 8, 2020 (See Doc. #11). Mr. Abrams also filed a letter to the court (Doc. #14) complaining that Mr. Shaw has been taking advantage of his status as a self-represented party. Plaintiff filed her response to the motion on January 18, 2021, as a memorandum in opposition to the motion (Doc. #20). She seeks denial of the motion as well as sanctions for the filing of the motion.

    The rules and procedures set forth in the Federal Rules of Bankruptcy Procedure (FRBP) and the Local Bankruptcy Rules (LBR) are meant to facilitate efficient litigation and are not meant to be offensive weapons used to attack an opponent, especially one not represented by counsel. Although a court might be flexible in explaining or applying the rules in these contexts, a self-represented party is expected to know and comply with the rules. Further, an attorney is expected to know the rules and proceed with appropriate professionalism in a case involving a self-represented party.

    In this adversary proceeding, on December 8, 2020, we held a pretrial conference at which we discussed how the case would proceed. This is normal procedure in adversary proceedings. The federal rules encourage a judge to provide specific case management including the setting of trial dates and other deadlines. At that hearing, Mr. Shaw indicated that Plaintiff intended to file a motion for summary judgment, so I said we would watch for the motion to be filed by the end of the month.

    Setting a date, in this case, was not done by order and did not impose a penalty for failing to meet the deadline suggested by the date. Dismissal of the adversary proceeding is a severe penalty, and a court must put a party on notice if it intends to impose the penalty of dismissal.

With respect to the missed filing date, Plaintiff should have informed the court and requested a later deadline. That should have been done by motion, not by a telephone call to the court.

The requirement in the local rules that parties consult before filing a motion (LBR 7007-1(a)) is designed to facilitate communication and possible settlement on some or all of the issues to be raised in the motion. A last-minute email does not comply with the rules. Failing to properly consult might have consequences including extending deadlines for the responding party or the denial of the motion. It would not normally result in dismissal of the case.

Here, we have Plaintiff's motion for summary judgment filed early in the case but 8 days after her counsel said it would be filed. Defendant asks that I dismiss the adversary proceeding for that reason. As I indicated earlier, such a harsh penalty would not be appropriate. It is disproportionate to the harm and Plaintiff was not on notice that the court would dismiss the case for failure to meet the deadline. Therefore, I deny the motion to dismiss.

Plaintiff's memorandum (Doc. #20) alleges other local rule violations including the failure to file a supporting brief, failure to cite supporting authority, lack of an affidavit or other evidence, and improper briefing under LBR 7007-1(b). I disagree with Plaintiff's interpretation of those rules because they do not mandate the filing of any of the listed documents. They only describe limitations on the filings. A motion must set forth the relief requested and the grounds for the relief. FRBP 9013. Defendant's motion asks for dismissal of the adversary proceeding due to Plaintiff's failure to meet the motion filing deadline. That is enough. Sanctions are not warranted.

We still have Plaintiff's pending motion for summary judgment to address. We had set out a timetable for the motion and Defendant's response. That has been delayed due to Plaintiff's delay in filing the motion, and Defendant's motion to dismiss. Because of the late filing of the motion, I will give Defendant more time to respond to the motion; 28 days should be enough.

To avoid procedural issues, I remind Mr. Abrams that his response to the motion should address different aspects of the motion. First, he should state whether he disputes any aspect of the concise statement in support of the motion. Although the local rules require a concise statement and reference only to extracted and highlighted parts of relevant documents, Mr. Shaw chose to call his document a "Statement of Material Facts" and attached full documents. I won't require him to fix and refile this document, but I will give Mr. Abrams some flexibility in responding to the factual assertions. The best way to respond would be to file a response to the numbered paragraphs in the first five pages by stating he accepts or denies each assertion. If he denies the assertion, he should say why. At the end, we'll know which of the paragraphs are disputed.

Second, Mr. Abrams should file a declaration or other form of evidence supporting his disagreement. A declaration is a written statement made by someone with personal knowledge of the facts asserting under penalty of perjury that person's version of the facts. Such a declaration should include the adversary caption at the top with a statement that it is made under penalty of perjury and including a date and signature of the person making it. Again, I will give Mr. Abrams some flexibility in complying with these requirements.

      Finally, Mr. Abrams should file a memorandum in support of his position including any arguments or legal authority for the opposition. I will prohibit Plaintiff from filing any reply at this stage of the case. I expect that I will either set the motion for oral argument or request further briefing if I feel it's needed.

      In summary, Defendant's motion to dismiss is denied. Plaintiff's request for sanctions is denied. Defendant will have 28 days to file a response to Plaintiff's motion for summary judgment. Both parties are prohibited from any further filings until we sort out the motion for summary judgment. I will enter a separate order setting out this ruling.

      Very truly yours,

THOMAS M. RENN
Chief Bankruptcy Judge

TMR: jrp