Below is an opinion of the court.

_____
THOMAS M. RENN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>MICHAEL ANTHONY ABRAMS, JR.<br><br>Debtor. | Case No. 20-61372-tmr13 |
| ANNE MARIE DICKSON,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ANTHONY ABRAMS, JR.,<br><br>Defendant. | Adv. Proc. No. 20-6043-tmr<br><br>MEMORANDUM OPINION[1]<br>ON PLAINTIFF'S MOTION<br>FOR SUMMARY JUDGMENT |

Plaintiff Anne Marie Dickson filed this adversary proceeding asserting 11 U.S.C. § 523(a)(5)[2] as the basis for a determination that the debt in her favor represented by a state court

---

[1] This disposition is specific to this case and is not intended for publication or to have a controlling effect on other cases. It may, however, be cited for whatever persuasive value it may have.
[2] Unless otherwise specified, all additional statutory references are to Title 11 of the United States Code. Citations to the Federal Rules of Civil Procedure are FRCP and to the Federal Rules of Bankruptcy Procedure are FRBP. This opinion cites to the Oregon Revised Statutes as ORS and to the Oregon Rules of Civil Procedure as ORCP.

Page 1 of 10: MEMORANDUM OPINION

supplemental judgment for attorney fees qualifies as an exception to the discharge of § 1328(a) in this chapter 13 bankruptcy case. Plaintiff filed a motion for summary judgment (Doc. #15), along with a statement of material facts (Doc. #16) and a memorandum in support (Doc. #17). Defendant, Michael Anthony Abrams, Jr., filed an objection to the motion (Doc. #25), along with his own statement of material facts (Doc. #26) and a supporting memorandum (Doc. #27). The parties agree that this court has jurisdiction over this matter which is a core proceeding under 28 U.S.C. § 157(b)(2)(I). After oral argument on the motion and a review of all the submissions, I conclude that it is appropriate to grant the motion.

**Facts:**

The parties agree on many of the relevant facts and applicable documents as indicated by their positions in the complaint and answer, as well as by consistency in their statements of material facts. Beyond that agreement, Defendant asserts that, to get a clear picture of the judgment at issue, I must consider additional facts and rulings from the prior state court proceedings before rendering my decision. I disagree and will explain my reasoning below. For purposes of this summary judgment ruling, I lay out the necessary undisputed facts.

Plaintiff and Defendant are the parents of one minor child. They were never married to each other. On November 5, 2018, after a trial, the Lane County Circuit Court entered a General Judgment Re: Custody, Parenting Time, and Child Support in Case Number 18DR06019. The general judgment incorporated an attached parenting plan. Plaintiff included a portion of the general judgment as Exhibit 1 to her statement of material facts and a portion of the parenting plan as Exhibit 2.

In September 2019, Defendant filed a motion in Lane County Circuit Court to enforce and modify the parenting plan. *See* Exhibit 3 to Plaintiff's statement. After a hearing on the motion, the court entered a Supplemental Judgment Re: Enforcement of Parenting Time and Modification, included as Exhibit 10 to Plaintiff's statement. That judgment ruled in favor of Plaintiff and included multiple findings related to the best interests of the child. It concluded by ordering that "Attorney fees will be awarded based on the ORCP 68 process." Exhibit 10 to Plaintiff's statement (emphasis in original).

Following a request by Plaintiff and pursuant to ORCP 68, the court entered a prevailing party judgment in her favor in the amount of $12,916.24, including $12,007.50 for attorney fees plus $908.74 for costs. The court entered the judgment as a Supplemental Judgment Re: Attorney Fees on March 18, 2020. That Supplemental Judgment is Exhibit 1 to Plaintiff's complaint and Exhibit 1 to Defendant's statement. The court's opinion and order underlying the award of attorney fees is Exhibit 2 to Plaintiff's complaint and Exhibit 12 to Plaintiff's statement, identified as an "Opinion and Order" signed February 28, 2020, in both.

The court's opinion awarded "attorney fees and costs to the prevailing party in an action to enforce a parenting plan" pursuant to ORS 107.434(2)(d). The court discussed the ORS 20.075(1) factors in deciding whether to make "a discretionary award of fees." *See Baker and Baker*, 173 Or. App. 33, 35 (2001) (court must identify criteria for award). In its analysis, the court used comments about Defendant including that he filed "arguably excessive court filings" and evidenced a "history of harassment, intimidation, and controlling behavior." The court also found that an award of fees here "would not deter another from asserting claims made in good faith," but that "an award here may create some amount of specific deterrence valuable in this case." Ultimately, the court ruled that it was because of "Petitioner's reckless, willful, and harassing conduct towards the Respondent" that "Petitioner chiefly created circumstances which the Court determined were not in the child's best interest."

**Summary Judgment:**

On a motion for summary judgment, the moving party has the burden to establish the absence of a material issue of fact for trial and that movant is entitled to judgment as a matter of law. FRCP 56(c), applicable in bankruptcy adversary proceedings through FRBP 7056. The substantive law governing a claim or defense determines whether a fact is material. *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Material facts are such facts as may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

///

Summary judgment is properly granted when no genuine issues of disputed material fact remain, and, when viewing the evidence most favorably to the non-moving party, the movant is entitled to prevail as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "[I]ssues are genuine only if the trier of fact reasonably could find in favor of the nonmoving party on the evidence presented." *Bank of New York Mellon v. Lane (In re Lane)*, 589 B.R. 399, 406 (9th Cir. BAP 2018); *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson*, 477 U.S. at 248-49).

**Domestic Support Obligation:**

In a chapter 13 case, debtors may obtain a discharge of all debts except for those listed in § 1328(a), including debts of a kind described in § 523(a)(5) "for a domestic support obligation." Congress defined domestic support obligation in § 101(14A) to include a debt "in the nature of alimony, maintenance, or support" and such definition is "without regard to whether such debt is expressly so designated." In this case, the parties do not dispute that (1) the supplemental judgment has not been assigned to a nongovernmental entity and (2) is owed to the parent of a child of the debtor (3) by reason of an order of a court of record. The debt, thus, meets parts (A), (C), and (D) of the definition for domestic support obligation. The only remaining question involves part (B)—whether the debt qualifies as "in the nature of alimony, maintenance, or support."

As a general matter, it should be noted that courts should favor the bankruptcy discharge and that the party attempting to limit a discharge has the burden of proof to meet the appropriate standard. *See Gard v. Gibson (In re Gibson)*, 103 B.R. 218, 221 (9th Cir. BAP 1989). The exception to discharge for support obligations, however, "enforces an overriding public policy favoring the enforcement of familial obligations." *Shaver v. Shaver*, 736 F.2d 1314, 1316 (9th Cir. 1984). The bankruptcy court must strike a balance between these competing policies. *See Beaupied v. Chang (In re Chang)*, 163 F.3d 1138, 1140 (9th Cir. 1998).

///

///

Page 4 of 10: MEMORANDUM OPINION

Case 20-06043-tmr    Doc 32    Filed 09/30/21

A bankruptcy court must determine whether a debt is "in the nature of support" as a question of federal law and without regard to how the debt is designated. *See Friedkin v. Sternberg (In re Sternberg)*, 85 F.3d 1400, 1405 (9th Cir. 1996), *rev'd on other grounds, Murray v. Bammer (In re Bammer)*, 131 F.3d 788 (9th Cir. 1997) (en banc). As part of that determination, the court may look to cases discussing domestic support obligations in former § 523(a)(5). *See Chang*, 163 F.3d at 1142; *In re Nelson*, 451 B.R. 918, 921 (Bankr. D. Or. 2011). The court must look beyond the language of the decree "to the substance of the obligation." *Shaver v Shaver*, 736 F.2d 1314, 1316 (9th Cir. 1984) (intent of parties for settlement agreement). *See also Kritt v. Kritt (In re Kritt)*, 190 B.R. 382, 388 (9th Cir. BAP 1995) (must examine substance and not form); and *Jodoin v. Samayoa (In re Jodoin)*, 209 B.R. 132, 138 (9th Cir. BAP 1997) (intent of court important after contested trial).

The Ninth Circuit has identified several non-exclusive factors to apply in determining whether an obligation qualifies as spousal support. *See Sternberg*, 85 F.3d at 1405. Those factors include whether the recipient needed support, the imbalance in relative income of the parties, whether the obligation terminates on death or remarriage, the presence of minor children, and whether the payments are made directly to the recipient and paid in installments over a substantial period. *Id.* For spousal support, the bankruptcy court must review and apply the factors on a case-by-case basis. *See Gionis v. Wayne (In re Gionis)*, 170 B.R. 675, 682 (9th Cir. BAP 1994), *aff'd* 92 F.3d 1192 (9th Cir. 1996) (unpublished).

These spousal-support factors do not inform the analysis much when making determinations about child support. *See Seixas v. Booth (In re Seixas)*, 239 B.R. 398, 404 (9th Cir. BAP 1999) ("factors do not fit neatly"). The BAP instructs courts, therefore, to look "at the surrounding circumstances and all other relevant incidents" to determine whether the obligation qualifies as child support. *Seixas*, 239 B.R. at 404, *quoting Kritt,* 190 B.R. at 387. As cited and argued by the parties, another judge of this court discussed this limitation at length when holding that an attorney fee award arising from custody litigation was support. *In re Moser*, 530 B.R. 872, 875 (Bankr. D. Or. 2015) (unpublished letter opinion) (factors "are not particularly helpful").

Plaintiff points to *Moser* and another unpublished Oregon opinion from the same judge, *Luetkenhaus*, to assert that attorney fees incurred in custody litigation always qualify as support, because the custody litigation centers on the best interests of the child. *See In re Luetkenhaus*, Case No. 16-30474-pcm13, 2016 WL 7228794, *5 (Bankr. D. Or. Dec. 12, 2016) (unpublished letter opinion) (state court's intent to treat fees as support). Plaintiff argues those cases both point to Ninth Circuit BAP support for the proposition that fees incurred in custody disputes are virtually always support obligations. I agree the BAP has said nearly that in an unpublished case cited by Plaintiff: "We . . . hold that attorneys' fees incurred in child custody proceedings in which issues involving the best interests of the child are in dispute are in the nature of support, and thus, non-dischargeable in bankruptcy." *Rehkow v. Lewis (In re Rehkow)*, No. AZ-05-1395-AMoS, 2006 WL 6811011, *4 (9th Cir. BAP Aug. 17, 2006) (unpublished), *aff'd* 239 Fed. Appx. 341 (9th Cir. 2007) (unpublished).[3]

In another unpublished opinion, the BAP cited *Rehkow* for the proposition that attorney fees awarded in child custody proceedings are nondischargeable under § 523(a)(5). *Hamilton v. Youngblood (In re Hamilton)*, No. AZ-11-1670-TaPaMk, 2013 WL 646387, *4 (9th Cir. BAP Feb. 21, 2013) (unpublished) (not needing to decide between § 523(a)(5) and § 523(a)(15)). *Hamilton* cited *Rehkow* as compiling cases both inside and outside the Ninth Circuit holding that attorney fee awards in custody proceedings are nondischargeable as support. *Id.*

Plaintiff here argues that those cases hold that all attorney fees awarded in child custody hearings are support and therefore nondischargeable. The reasoning behind such a broad holding would assert that the purpose of a custody hearing is to determine what is in the child's best interests, and thus fees incurred to that end must be support for the child.

///

---

[3] As an unpublished opinion from 2006, the BAP opinion has no persuasive authority and may only be cited as relevant to the law of the case or for preclusion purposes. *See Rehkow*, 2006 WL 6811011 at *1 n. 2, *citing* 9th Cir. BAP R. 8013-1 (renumbered 8024-1 effective 12/1/2014). The Ninth Circuit opinion affirming the BAP came after a rule change and may be cited as persuasive authority but not as precedent. 9th Cir. Rule 36-3(b).

**Oregon State Law for Child Custody:**

      One relevant factor in making the determination is the state law governing the award. *See Chang*, 163 F.3d at 1140, *citing Marks v. Catlow (In re Catlow)*, 663 F.2d 960, 962-63 (9th Cir. 1981). So, to further the analysis we must review Oregon law related to custody proceedings.

      Oregon parties bring custody motions under ORS 107.094-107.449. Related to those matters, ORS 107.135(1)(a) allows a party to move to modify support, custody, and parenting time. In this case, Defendant filed a motion under ORS 107.434 to enforce and modify the existing parenting time plan, thereby triggering the expedited parenting time enforcement procedure in the statute. The statute makes clear that, in determining custody for a minor child, "the court shall give primary consideration to the best interests and welfare of the child." ORS 107.137(1). Oregon law allows custody modification based on a substantial change in circumstances and after finding it would be in the child's best interests to change custody. *See In re Travis*, 236 Or. App. 563, 567 (2010) (applying factors from ORS 107.137(1)).

      Under ORS 107.135(8) when a party seeks to modify the custody arrangement, as a matter of discretion the court may choose to award "a reasonable attorney fee and costs for the benefit of the other party." In those situations, ORS 20.075(1) lists eight non-exclusive factors to apply in determining whether to make such a discretionary award of attorney fees. The court would then apply the factors from ORS 20.075(2) in determining the amount of fees to award. *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or. 84, 96 (1998), *modified on recons.*, 327 Or. 185 (1998) (court must identify "the relevant facts and legal criteria" for its award of fees); *see also Baker and Baker*, 173 Or. App. at 36 (requirement applies to fees in a modification proceeding).[4]

///

---

[4] In 2015, the Oregon Court of Appeals ruled that a trial court is required to make specific findings on awards of attorney fees only where a party makes a request for findings under ORCP 68C(4)(e). *See In re Marriage of Hostetler*, 269 Or. App. 312, 325 (2015). A court's failure to state specific findings was not grounds for reversal. *Id.* Despite this holding, this court still finds that Oregon case law still requires application of the factors from ORS 20.075(2) in determining whether to make a discretionary award of attorney fees, as discussed in *McCarthy* and *Baker*.

Page 7 of 10: MEMORANDUM OPINION

Alternatively, if the court finds a party acted in bad faith, under the second part of the statute it must order that party to pay attorney fees and costs. ORS 107.135(8). Such an award becomes mandatory when the court makes a bad faith finding. *See Shelton and Shelton*¸ 196 Or. App. 221, 235 (2004), *adh'd to on recons.*, 197 Or. App. 391 (2005) (bad faith requires finding that position be "devoid of legal or factual support").

**Analysis**

After trial, the state court made findings, dismissed the enforcement action, and modified the parenting plan. It further ordered that prevailing party attorney fees would be awarded under the ORCP 68 process. In its ruling, the court applied the factors from ORS 20.075(1) and made no findings specific to an award based on bad faith. *See* Opinion and Order, Exhibit 2 to complaint, pages 1-5. That statute does not provide a basis for awarding fees as a sanction. The court, therefore, awarded the attorney fees as a matter of discretion and not as a mandatory award based on bad faith. *See Niman and Niman*, 206 Or. App. 400, 415 (2006) (explicit findings of factors make clear that court applied discretionary portion of statute). A court does not need to apply the factors of ORS 20.075(1) when it awards mandatory fees based on bad faith. *Id.*

In considering whether the fee award qualifies as support, I must consider the substance of the award and the state court's intent. *See Moser*, 530 B.R. at 875; *Seixas*, 239 B.R. at 404 ("surrounding circumstances"). Under Oregon law, the court must focus on the best interests of the child in resolving custody disputes. ORS 107.137(1) ("court shall give primary consideration to the best interests and welfare of the child"). Consistent with the law, the state court here made numerous findings based on the child's best interests. Exhibit 10 to Plaintiff's statement.

Although we have no controlling precedent, the cited cases consistently hold that attorney fees awarded in the context of child custody hearings focused on the best interests of the child are nondischargeable support. *See Rehkow*, 2006 WL 6811011 at *4 (compiling cases); *Moser*, 530 B.R. at 876. "The legal question is not whether repayment of the debt will benefit the children, but whether the basis of the debt befitted the children." *Leibowitz v. County of Orange (In re Leibowitz)*, 217 F.3d 799, 803 (9th Cir. 2000). Here, the attorney fee debt was incurred while litigating the best interests of the child, which benefitted the child and is therefore in the

nature of support. Without unusual circumstances, support would generally pull in matters related to custody. *See, e.g., Jones v. Jones (In re Jones)*, 9 F.3d 878, 882 (10th Cir. 1993). I find no suggestion of unusual circumstances here.

Defendant argues that the state court intended the fee award to be a deterrent to future bad behavior. Some of the court's ORS 20.075(1) findings support this interpretation, but the court also indicated an award would not deter others and resulted primarily in the best interests' findings. *See* Exhibit 12 to Plaintiff's statement, pages 3 and 4. While I appreciate Defendant's acknowledgement of his unacceptable behavior and restraint in his future actions (Defendant's memo, page 8), I don't think that changes the nature of the award based on the best interests of the child.

It is true courts have held that where the award is imposed as a punitive measure to punish, it is not in the nature of support. *See Koch v. Olsson (In re Olsson)*, 532 B.R. 810, 813 (D. Or. 2015) (child's best interests not evaluated). In *Olsson*, the district court agreed that nothing in the award suggested that it was in any way designed to be support. *Id.* In this case, the state court did evaluate the child's best interests and made its award under the discretionary provisions and not under the bad faith provisions. In addition, it made no findings that suggested it was imposing the award as punishment or based on a meritless motion.

The debtor in *Luetkenhaus* made similar arguments. After a contentious child custody modification proceeding, the court awarded attorney fees of $15,000 after finding that the debtor had "generally been unreasonable, obstructionistic and litigious, overly so[.]" *Luetkenhaus*, at *1. The state court found there had not been a substantial change of circumstances and held that "an award of attorney fees is appropriate to discourage any further inappropriate litigation." *Luetkenhaus*, at *2. Despite that language, the bankruptcy court found the fact that the court considered conduct or bad faith does not convert the fees from support to a sanction. *Luetkenhaus*, at *5. *See also Moser*, 530 B.R. at 877 (purpose to compensate for detrimental conduct and not to punish). In our case, the court's findings support the award of fees and costs, but they do not support the argument that the court imposed the award as sanctions.

Defendant also argues that the state court has been inconsistent in its application of the attorney's fees process and that undiscovered material facts prevent entry of summary judgment. He asserts that we must investigate the prior awards and the conduct of Plaintiff, claiming she was "an equal instigator of public conflict" before I can render a decision. Again, I disagree. We are concerned only with this particular award of fees. The prior court decisions from a different judge do not impact this analysis.

Finally, Defendant claims Plaintiff's counsel neglected to inform this court of counsel's actions in arguing the fees were not in the nature of domestic support order in state court. He refers to efforts to garnish wages to collect the judgment. To me, he confuses the state court collection process with the bankruptcy court determination that the judgment qualifies as a nondischargeable domestic support obligation. Even if I assume Defendant's assertions are true, they would not change the analysis.

**Conclusion:**

The parties have identified no disputed material facts. The state court awarded the supplemental judgment totaling $12,916.24 as attorney fees and costs to the prevailing party and not as a mandatory award for bad faith or to punish defendant. The fees were incurred in a child custody hearing in which the court determined the child's best interests. The facts revealed no unusual circumstances to indicate the fees did not benefit the child or were not in the nature of support. Therefore, Plaintiff's summary judgment motion will be granted.

The supplemental judgment represents a domestic support obligation and is not dischargeable based on § 1328(a) and § 523(a)(5). A judgment will be entered declaring this award excepted from Defendant's discharge. This memorandum opinion contains my findings of fact and conclusions of law as required by FRBP 7052. They will not be separately stated. The court will enter its own order granting Plaintiff's motion for summary judgment, and judgment making the debt nondischargeable.

###